GEORGE F. SMITH & others, petitioners.

Hampden.    September 23, 1891. — October 24, 1891.

Present:  ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Will — Construction.*

A testatrix, who was the sole owner of a lot of land and with her daughter owned in common an adjoining lot, devised to such daughter " one half of the proceeds of all the real estate held by us," and then added a description which embraced both lots.  *Held*, that the testatrix intended to make a devise which should affect both lots, and that the daughter was entitled to take one half of the testatrix's interest in the whole of the described estate.

PETITION, by George F. Smith and Mary J. Seymour, administrators with the will annexed of Mary Ann Smith, and by the legatees under the will, for instructions as to the distribution of the proceeds of certain real estate.   The case was heard by *Knowlton*, J., who reserved it for the consideration of the full court, in substance as follows.

The testatrix was the sole owner of a lot of land in Monson, and she and her daughter, Mary J. Seymour, were the owners each of an undivided half, as tenants in common, of an adjoining lot, on which was a dwelling-house in which the testatrix lived. By the first article of her will the testatrix provided as follows: " To my daughter, Mary J. Seymour, who owns the homestead

and the adjoining land jointly with myself, I desire to be given one half of the proceeds of all the real estate held by us in the town of Monson, county of Hampden, and State of Massachusetts, to wit, the estate bounded." Here followed a description by bounds which included both of the lots above mentioned. The lot of which the testatrix was the sole owner, and her undivided half interest in the other lot, had been duly sold under license of the Probate Court.

Mary J. Seymour contended that she was entitled to one half of the proceeds of the testatrix's interest in the lot which they owned together as well as one half of the proceeds of the other lot, while the remaining parties contended that she was not entitled to any of the proceeds of the testatrix's interest in the real estate held in common.

*C. C. Spellman*, for Mary J. Seymour.

*C. L. Gardner*, for the other petitioners.

ALLEN, J. The testatrix was the sole owner of one lot, and she and her daughter owned in common the adjoining lot. In her will she made the mistake of reciting that her daughter owned both lots jointly with herself, and proceeded to devise to the daughter " one half of the proceeds of all the real estate held by us," adding a description which embraced both lots. The parties agree that the daughter is entitled to one half of the proceeds of the lot owned solely by the testatrix, and the controversy relates only to the proceeds of the lot owned in common. The daughter in the petition claims to be entitled to one half of the proceeds of the interest of the testatrix in that lot, and the other parties deny that she is so entitled. We think the claim of the daughter must be sustained. The testatrix was disposing of her own estate, and apparently intended to make a devise to her daughter which should affect both lots. If she had merely intended to give to the daughter one half of the proceeds of the lot owned solely by herself, there would have been no occasion to mention the other lot at all. The language seems rather to mean that the daughter is to take one half of the interest of the testatrix in the whole of the described estate.

*Decree accordingly.*